UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN KEITH MCNUTT,<br><br>  Plaintiff,<br><br>  v.<br><br>JOHN DOE,<br><br>  Defendant. | No. 2:20-cv-0780 AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. ECF No. 1. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff has filed a motion for extension of time to file an in forma pauperis application as well as a motion for the appointment of counsel. ECF No. 8. For the reasons stated below, the court will deny both motions.

I. MOTION FOR AN EXTENSION OF TIME

Since filing the instant complaint in April 2020, plaintiff has been given three opportunities to file a proper in forma pauperis application. See ECF Nos. 3, 5, 7. Each time, he was sent another copy of the application form, and he was given anywhere from twenty-one to thirty additional days to properly file it. See ECF Nos. 3, 5, 7. His most recent opportunity was granted on June 30, 2020. See ECF No. 7. At that time, plaintiff was given twenty-one days

within which to file the application properly. See id. at 2. Thus, plaintiff still has time to file a proper application. For these reasons, plaintiff's motion for an extension of time to file an in forma pauperis application will be denied.

II.    MOTION FOR THE APPOINTMENT OF COUNSEL

Plaintiff has requested the appointment of counsel. ECF No. 8. In support of this request, plaintiff states that he is confused and "can't seem to get any of the information" the court has directed him to file. See id.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

A review of plaintiff's complaint indicates that it is clearly written, and the court is able to understand his claims. See ECF No. 1 at 1-4. Although plaintiff states that he had assistance with preparing the pleading (see id. at 5), and he suggests that he needs help with filling out and/or filing the in forma pauperis application (see ECF No. 8), the record indicates that on June 1, 2020, the court clearly informed plaintiff that the sole deficiency in his May 2020 in forma pauperis application was the fact that it was not signed and dated. See ECF No. 5 at 1. Because the appointment of counsel is not necessary to correct this problem, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for an extension of time to file his in forma pauperis application (ECF No. 8) is DENIED, and

2. Plaintiff's request for the appointment of counsel (ECF No. 8) is DENIED.

DATED: July 13, 2020

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE